# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

PREM MATHI,

    Plaintiff,

    v.                               Civil Case No. SAG-16-3182

FEDERAL RESERVE BANK OF RICHMOND,

    Defendant and Third-Party Plaintiff,

    v.

BOON EDAM, INC.,

    Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Prem Mathi ("Mr. Mathi") sued Defendant and Third-Party Plaintiff Federal Reserve Bank of Richmond ("Federal Reserve Bank") for injuries allegedly sustained as a business invitee on Federal Reserve Bank's property in June, 2013. *See* [ECF No. 2]. On October 20, 2016, Federal Reserve Bank brought a third-party claim against Third-Party Defendant Boon Edam, Inc. ("Boon Edam"). *See* [ECF No. 16]. Presently pending is the Joint Motion to Order the Reduction of C.J. Abraham's Fee for the Taking of His Deposition ("Joint Motion"), filed jointly by Mr. Mathi and Boon Edam. *See* [ECF No. 52]. I have reviewed the Joint Motion, Federal Reserve Bank's Response to the Joint Motion ("Response to Joint Motion"), [ECF No. 54], and Mr. Mathi and Boon Edam's Reply to the Response to Joint Motion ("Reply"), [ECF No. 55]. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth herein, Mr. Mathi and Boon Edam's Joint Motion will be GRANTED.

## I. BACKGROUND

Mr. Mathi alleged that, on June 4, 2013, while he was legally on Federal Reserve Bank's property as a business invitee, he was hit in the head by a revolving door. Pl.'s Compl. ¶¶ 9-12. According to the Complaint, Mr. Mathi "incurred significant physical injuries [including a concussion with loss of consciousness, post-traumatic headache development, and cerebral arteriosclerosis], accompanying pain and suffering, permanent injuries, and loss of wages and other economic losses as a direct and proximate result of the aforesaid occurrence." *Id.* ¶¶ 15-16. In the course of investigating these allegations during the discovery period, Federal Reserve Bank retained Dr. C. J. Abraham, a liability expert. Joint Mot., Ex. 1.

Mr. Mathi and Boon Edam requested to depose Dr. Abraham remotely for approximately two hours on January 24, 2018. *Id.* at Ex. 2. Based on his fee schedule, Dr. Abraham bills a flat-rate fee for depositions, amounting to "$4,500.00 per day or any part thereof plus preparation time and consultation prior to deposition." *Id.* at Ex. 3. Additionally, Dr. Abraham bills at the following rate for the preparation of a report: "$4,500 maximum plus prior time for research and review of all the documents at $350 per hour." *Id.* On December 5, 2017, Mr. Mathi and Boon Edam asked Federal Reserve Bank for a reduction of Dr. Abraham's flat-rate fee for his deposition. *Id.* at 8. On December 11, 2017, Federal Reserve Bank informed Mr. Mathi and Boon Edam that Dr. Abraham was unwilling to reduce his deposition fee. *Id.*; *see also id.* at Ex. 2. Mr. Mathi and Boon Edam filed the Joint Motion, seeking judicial relief, on December 21, 2017. [ECF No. 52].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 requires courts to order the party seeking an expert witness's deposition to "pay the expert a reasonable fee for time spent in responding" to the

deposition request, "unless manifest injustice would result." Fed. R. Civ. P. 26(b)(4)(E). The goal of Rule 26(b)(4)(E) is "to calibrate the fee so that one party will not be hampered in efforts to hire quality experts, while the opposing party will not be burdened by unfairly high fees preventing feasible discovery and resulting in windfalls to the expert." *Anthony v. Abbot Labs*, 106 F.R.D. 461, 465 (D.R.I. 1985); *Fleming v. United States*, 205 F.R.D. 188, 189 (W.D. Va. 2000). The party seeking reimbursement bears the burden of demonstrating that the expert's requested fees and expenses are reasonable. *See Packer v. SN Servicing Corp.*, 243 F.R.D. 39, 42 (D. Conn. 2007).

In keeping with the "paucity of authority" on this issue, *see* 8A Charles A. Wright & Arthur R. Miller, *et al.*, *Federal Practice & Procedure* § 2034 (3d ed.), this Court has not directly determined what constitutes a "reasonable fee" under Rule 26(b)(4)(E). However, Local Rule 104.11, titled "Interpretation of Fed. R. Civ. P. 26(b)(4)(E)," is instructive here, mandating that "[t]he expert may not charge an opposing party for a discovery deposition a fee at *any hourly rate* higher than the rate he or she charges for the preparation of his or her report." Loc. R. 104.11.a (D. Md. 2016) (emphasis). Moreover, Guideline 3 of the Local Rules list the following as factors that "may be considered" in determining whether a fee is reasonable: "(1) the expert's area of expertise; (2) the expert's education and training; (3) the fee being charged to the party who designated the expert; and (4) the fees ordinarily charged by the expert for non-litigation services, such as office consultations with patients or clients." Guideline 3.a of the Discovery Guidelines for the United States District Court for the District of Maryland, Loc. R. App. A (D. Md. 2016).

Additionally, other federal district courts, both within and outside of the Fourth Circuit, have set forth factors to be considered in determining whether or not a fee is reasonable:

> (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*See, e.g.*, *Massasoit v. Carter*, 227 F.R.D. 264, 265 (M.D.N.C. 2005) (noting the seven factors and citing cases which use and address them); *U.S. Energy Corp. v. NUKEM, Inc.*, 163 F.R.D. 344, 345-46 (D. Colo. 1995) (same); *Jochims v. Isuzu Motors, Ltd.*, 141 F.R.D. 493, 495 (S.D. Iowa 1992) (same). Both the United States District Court for the District of Columbia and the United States District Court for the District of Connecticut omit the seventh "catch-all" factor, and substitute the "cost of living in a particular geographic area" as a factor to be considered in the reasonableness analysis. *See Barnes v. District of Columbia*, 274 F.R.D. 314 (D.D.C. 2011); *Goldwater v. Postmaster Gen. of U.S.*, 136 F.R.D. 337, 340 (D. Conn. 1991).

### III.  DISCUSSION

In the Joint Motion, Mr. Mathi and Boon Edam argue that Dr. Abraham's deposition rate is patently unreasonable and must be reduced. Specifically, the parties contend that, under Local Rule 104.11, Dr. Abraham's hourly deposition rate may not exceed the hourly rate for the preparation of his report, and therefore should total no more than $350.00 per hour. Joint Mot. 5-6. Mr. Mathi and Boon Edam also argue that "the fact that Dr. Abraham seeks to charge a flat-rate fee should be immediately suspect to the Court." *Id.* at 6. In response, Federal Reserve Bank argues that Dr. Abraham charged a flat-rate fee of $4,500.00 for both the deposition and report preparation, and that his deposition fee therefore does not contravene the requirements set forth in Local Rule 104.11. Def.'s Resp. To support this contention, Federal

Reserve Bank submitted an invoice showing that Dr. Abraham did not provide an hourly breakdown of his report preparation fee. *See id.* at Ex. A.

Local Rule 104.11 indeed mandates a fee reduction in the instant case. In considering the parties' exhibits, this Court is more persuaded by the language set forth in Dr. Abraham's Fee Schedule. *See* Joint Mot., Ex. 3. Based on the Fee Schedule, Dr. Abraham's flat-rate deposition fee unambiguously requires $4,500.00 per day, plus additional costs for preparation and consultation. *Id.* ("DEPOSITIONS & TESTIMONY[:] $4,500 *per day or any part thereof*[.]") (emphasis added). Thus, Dr. Abraham's hourly rate would amount to $562.50 for an eight-hour deposition, and could amount to $2,250.00 for a two-hour deposition. It appears, however, that the hourly rate for the preparation of a report amounts only to $350.00, with a maximum fee of $4,500.00. *See id.* (Reports, affidavits[:] . . . $4,500 *maximum* plus prior time for research and review of all the documents *at $350 per hour.*") (emphasis added). The Fee Schedule's language regarding report preparation indicates the use of an hourly rate and appears to set a ceiling, rather than a flat-rate fee. Since Local Rule 104.11 does not permit experts to charge a higher rate for deposition testimony than for the preparation of their reports, Dr. Abraham's deposition rate of $4,500.00 is conclusively unreasonable for matters before this Court. *See* Loc. R. 104.11; *see also Schad v. Fager's Island, Ltd.*, Civil No. SAG-14-527, 2016 WL 852709, at *3 (D. Md. March 4, 2016). As such, his hourly fees will be reduced to $350.00 per hour, his standard hourly rate for non-testimony work at the time he was retained by Federal Reserve Bank.

Accordingly, Mr. Mathi and Boon Edam are required to pay Dr. Abraham's expert fees at the reduced rates discussed herein, and with the appropriate reductions discussed herein. Assuming a two-hour deposition, the fee would be $700.00 (a $350.00 per hour rate), plus any

additional costs for preparation and consultation in accordance with Dr. Abraham's Fee Schedule.

## IV. CONCLUSION

For the reasons set forth above, Mr. Mathi and Boon Edam's Joint Motion to Order the Reduction of C.J. Abraham's Fee for the Taking of His Deposition, [ECF No. 52], is GRANTED, and his deposition fee will be $350.00 per hour.


Dated: January 22, 2018                              /s/
                                         Stephanie A. Gallagher
                                         United States Magistrate Judge