CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 17, 2018

LETTER TO COUNSEL

      RE:    *Prem Mathi v. Federal Reserve Bank of Richmond*;
                Civil Case No.: SAG-16-3182

Dear Counsel:

Plaintiff Prem Mathi ("Mathi") filed this negligence action against Federal Reserve Bank of Richmond, Baltimore Branch ("FRBR"). ECF 2. FRBR impleaded third-party defendant Boon Edam, Inc. ("Boon Edam"). ECF 16. Pending before this Court is Mathi's Motion to Strike FRBR's expert witness, Dr. C.J. Abraham, ECF 64, Boon Edam's Opposition, ECF 67, and Mathi's Reply, ECF 68. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons stated below, Mathi's Motion will be denied without prejudice.

As background, Mathi's negligence claim centers around a revolving security door, which allegedly caused him injury as he attempted to enter FRBR's building on June 4, 2013. ECF 2 ¶¶ 9, 12. Presently at issue is FRBR's November 6, 2017 designation of Dr. C.J. Abraham, P.E. as its expert on liability. *See* ECF 67-1 (FRBR's Rule 26(a)(2) Expert Designation). In his November 1, 2017 report, Dr. Abraham opined that Boon Edam designed and installed a defectively designed sensor and oral warning system for the revolving door in issue. ECF 67-1 ¶ 11. At his deposition on February 15, 2018, however, Dr. Abraham reversed his opinion as to the appropriateness of the revolving door's design, stating: "Boon Edam designed and installed a sensor system that was correctly installed at the time of the incident and that there was nothing wrong with the system; it was not defective." Abraham Dep., pp. 29-31, ECF 64-2 at 8-9. According to Dr. Abraham, the receipt of "additional documents" caused him to reverse his initial opinion. *See* Abraham Dep., p. 7, ECF 64-2 at 8. Dr. Abraham also opined at his deposition that Mathi: (1) walked unreasonably close to the revolving door prior to its stopping, with the specific goal of intentionally injuring himself; and (2) suffers from an addiction to prescription drugs. Based on the conflicting, as well as new, information offered by Dr. Abraham at his deposition, Mathi has moved to strike all of Dr. Abraham's testimony on the grounds that: (1) Dr. Abraham's opinions fail to satisfy the reliability requirements of FRE 702; and/or (2) FRBR failed to supplement Dr. Abraham's report pursuant to Rule 26(e). ECF 64 at 10-15.

In the current posture, I am unable to decide Mathi's Motion. Pursuant to FRE 702, expert testimony must rest on a reliable foundation and must be relevant. *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 597 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) (extending *Daubert* to "the testimony of . . . other experts who are not scientists").

Several factors may be relevant to the Court's determination of reliability, including: (1) whether the expert's theory or technique has been tested, (2) whether it has been subjected to peer review and publication, (3) the known or potential rate of error, and (4) whether the theory or technique is generally accepted within a relevant scientific community. *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001). Here, however, I cannot determine the reliability of Dr. Abraham's opinions, because I have not been provided with the documents he relied upon to reach his conclusions, nor an explanation as to how these documents reversed portions of his original opinions. *See* Abraham Dep., p. 7, ECF 64-2 at 3 ("Yes. There are additional documents that I received after I rendered my report."); *Kumho Tire Co.*, 526 U.S. at 139 ("In determining whether particular expert testimony is reliable, the trial court should consider the specific *Daubert* factors where they are reasonable measures of reliability."); *United States v. Horn*, 185 F. Supp. 2d 530, 552 n. 39 (D. Md. 2002) ("*Daubert* requires analysis of the methodology used, its reliability and validity."). Neither Mathi nor Boon Edam asked Dr. Abraham for that information during his deposition.

Additionally, without knowing when Dr. Abraham received the additional documents and when he revised his opinions, I am unable to determine whether FRBR has failed to adhere to Rule 26(e). *See S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595–96 (4th Cir. 2003) ("Of importance here, Rule 26(e)(1) requires a party to supplement its experts' reports and deposition testimony when the party learns of new information."); *Jackson v. Teamsters Local Union 922*, 312 F.R.D. 235, 236 (D.D.C. 2015) ("Rule 26(e)(1)(A) concerns any disclosures (related to experts or not) under Rule 26(a) and requires a party to 'supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . .'") (citation omitted); *Mitchell v. Volkswagen Grp. of Am., Inc.*, No. 1:10-CV-0944-SCJ, 2013 WL 12108248, at *1 (N.D. Ga. July 10, 2013) (Rule 26(e) requires "a party to supplement or correct its expert's report or deposition testimony 'in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect.'")

Accordingly, Mathi's Motion to Strike, ECF 64, is denied. FRBR is ordered to supplement Dr. Abraham's report on or before July 31, 2018. In the supplement, Dr. Abraham should provide: (1) the date(s) he received the additional documents and revised his opinion(s); (2) his methodology and/or rationale for his conclusions; and (3) the documents he relied upon in forming his revised opinions. Thereafter, on or before August 14, 2018, Mathi may re-file his Motion to Strike on the grounds that Dr. Abraham's opinions fail to satisfy FRE 702 and/or that FRBR failed to adhere to Rule 26(e). Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

    Sincerely yours,

    /s/

    Stephanie A. Gallagher
    United States Magistrate Judge