CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 5, 2018

LETTER TO COUNSEL

RE: *Prem Mathi v. Federal Reserve Bank of Richmond*;
Civil Case No.: SAG-16-3182

Dear Counsel:

Plaintiff Prem Mathi ("Mathi") filed this negligence action against Federal Reserve Bank of Richmond, Baltimore Branch ("FRBR"), for injuries he sustained while using a revolving security door at FRBR's building. ECF 2. FRBR impleaded third-party defendant Boon Edam, Inc., ("Boon Edam"), the designer and installer of the door system. ECF 16. This case has been referred to me for all proceedings, by consent of the parties. ECF 12, 15, 20. Now pending is Mathi's Motion in Limine to Preclude Testimony from Dr. C.J. Abraham, ECF 72, Boon Edam's Opposition, ECF 73, and Mathi's Reply, ECF 74. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons stated below, Mathi's Motion will be granted.

On November 6, 2017, FRBR designated Dr. C.J. Abraham, P.E. as its expert on liability. *See* ECF 67-1 (FRBR's Rule 26(a)(2) Expert Designation). In his November 1, 2017 report, Dr. Abraham opined that Boon Edam had designed and installed a defectively designed sensor and oral warning system for the revolving door. ECF 67-1 ¶ 11. At his deposition on February 15, 2018, however, Dr. Abraham reversed his opinion as to the appropriateness of the revolving door's design, stating: "Boon Edam designed and installed a sensor system that was correctly installed at the time of the incident and that there was nothing wrong with the system; it was not defective." Abraham Dep., pp. 29-31, ECF 64-2 at 8-9. According to Dr. Abraham, the receipt of "additional documents" caused him to reverse his initial opinion. *See* Abraham Dep., p. 7, ECF 64-2 at 3. Dr. Abraham also opined at his deposition that Mathi: (1) walked unreasonably close to the revolving door prior to its stopping, with the specific goal of intentionally injuring himself; and (2) may suffer from an addiction to prescription drugs. *See* Abraham Dep., pp. 57-61, ECF 64-2 at 15-16. Based on the conflicting, as well as new, information offered by Dr. Abraham at his deposition, Mathi filed a motion, citing *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993), and moved to strike all of Dr. Abraham's testimony on the grounds that: (1) his opinions fail to satisfy the reliability requirements of FRE 702; and/or (2) FRBR failed to supplement his report pursuant to Rule 26(e). ECF 64 at 10-15. On July 17, 2018, I ordered FRBR to supplement Dr. Abraham's report with specific information necessary for me to evaluate the reliability of his opinions. ECF 69. Instead, on July 27, 2018, FRBR withdrew Dr. Abraham as a witness. ECF 70.

On July 30, 2018, counsel for Boon Edam emailed counsel for the other parties, stating:

> Hi all, please allow this to serve as notice that Boon Edam intends to call Dr. Abraham as a witness at the time of trial. He will not be asked any questions about the Plaintiff's injury.

ECF 72-1. On August 6, 2018, Mathi's counsel responded by letter, notifying Boon Edam that its email "is not in compliance with the Federal Rules of Civil Procedure," and that if Boon Edam intended to call Dr. Abraham as an expert, "a formal supplement in full compliance with the Rules and Judge Gallagher's July 17, 2018 Letter Order is hereby requested." ECF 72-2. Boon Edam did not respond to Mathi's letter, and did not supplement Dr. Abraham's proposed testimony.

The reasons I ordered supplementation of Dr. Abraham's report persist, no matter which party seeks to use him as an expert witness. Dr. Abraham changed his testimony from testimony that would harm Boon Edam's case to testimony that favors Boon Edam. As I stated in my July 17, 2018 Order, I am unable to determine the reliability of Dr. Abraham's opinions sufficiently to exercise my gatekeeping function, "because I have not been provided with the documents he relied upon to reach his conclusions, nor an explanation as to how these documents reversed portions of his original opinions." ECF 69 (citing Abraham Dep., p. 7, ECF 64-2 at 3 ("Yes. There are additional documents that I received after I rendered my report.")); *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 139 (1999) ("In determining whether particular expert testimony is reliable, the trial court should consider the specific *Daubert* factors where they are reasonable measures of reliability."); *United States v. Horn*, 185 F. Supp. 2d 530, 552 n. 39 (D. Md. 2002) ("*Daubert* requires analysis of the methodology used, its reliability and validity.")). In his original motion, Mathi did not seek to exclude only some of Dr. Abraham's testimony, but sought to exclude the testimony in its entirety, in part because the unexplained and unsubstantiated material change in his position suggested that all of his testimony was unreliable. ECF 64 at 13. My July 17, 2018 order required a supplement to provide the "methodology and/or rationale for [Dr. Abraham's] conclusions," without topical limitation. ECF 69. Boon Edam neither properly and timely designated Dr. Abraham as an expert witness, pursuant to Fed. R. Civ. P. 26(a)(2), nor supplemented the report he had provided as a witness for FRBR, in accordance with this Court's order. Accordingly, Boon Edam will not be permitted to call Dr. Abraham as an expert witness at trial. *See* Fed. R. Civ. P. 37(c)(1) (providing that a party who "fails to provide information or identify a witness as required by Rule 26(a) . . . is not allowed to use that information or witness to supply evidence . . . at trial").

For these reasons, Mathi's Motion in Limine to Preclude Testimony from Dr. C.J. Abraham, ECF 72, is granted. Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge